**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
UNITED STATES OF AMERICA,

        -against-

ROBERT LEE HOUSTON

              Defendant.
-------------------------------------------------------X

**MEMORANDUM OF**
**DECISION AND ORDER**
12-cr-0062 (ADS)

**APPEARANCES:**

**Loretta Lynch**
United States Attorney
610 Federal Plaza
Central Islip, NY 11722
        By:    Christopher Charles Caffarone,
                Assistant United States Attorney

**William D. Wexler, Esq.**
*Attorney for the Defendant*
816 Deer Park Avenue
North Babylon, NY 11703

**SPATT, District Judge.**

The Defendant in this case, Robert Lee Houston, filed a motion to suppress the fruits of a

search warrant that was executed on January 11, 2012. The Defendant raises a number of issues

in this motion, and the Court will address each in turn.

First, the Defendant asserts that the search warrant was invalid because it was based upon

several recorded conversations between a confidential informant and the Defendant. In

particular, he alleges that his Fourth Amendment rights were violated because law enforcement

is not permitted to record a conversation without one's consent. However, this contention is

without merit. As the Government points out, it is well settled that a law enforcement officer or

a person acting under color of law—here, a confidential informant—may intercept a wire, oral or

electronic communication without a court order when one of the parties to the communication has consented to the interception.  See United States v. Bonanno, 487 F.2d 654, 657–58 (2d Cir. 1973).  The confidential informant consented to the recordings.  See United States v. Amen, 831 F.2d 373, 378 (2d Cir. 1987) (explaining that consent is to be construed broadly under the Federal Wiretap Statute).  Therefore, this ground for the motion is denied.

Second, the Defendant argues that the firearm and ammunition found in his home during the process of executing the search warrant should be suppressed because they were outside the scope of the search warrant.  However, the Government asserts that because the executing officers found the firearm in plain view in a place where drugs or drug paraphernalia could have been stored, this evidence should not be suppressed.  The "plain view" exception "authorizes seizure of illegal or evidentiary items visible to a police officer whose access to the object has some prior Fourth Amendment justification and who has probable cause to suspect the item is connected with criminal activity."  Illinois v. Andreas, 463 U.S. 765, 771, 103 S. Ct. 3319, 77 L. Ed. 2d 1003 (1983); see also United States v. Gamble, 388 F.3d 74, 76 (2d Cir. 2004).  The Government is correct that in the context of narcotics investigations and prosecutions, firearms and ammunition are recognized as a tool of the drug trade and constitute evidence linked with criminal activity.  See United States v. Becerra, 97 F.3d 669, 671–72 (2d Cir. 1996) (stating that firearms are common tools of the drug dealing trade).  Thus, when the Government permissibly searched for drugs or drug paraphernalia under the mattress and saw the firearm and ammunition in plain view, this was not an illegal search and seizure.  See U.S. v. Jarvis, 237 Fed App'x 636, 639 (2d Cir. 2007).

Third, the Defendant maintains that his pre-arrest detention during the course of the execution of the search warrant was improper under Michigan v. Summers, 452 U.S. 692, 101 S.

Ct. 2587, 69 L. Ed. 2d 340 (1981). In Summers, the Supreme Court explained that "a warrant to search for contraband founded on probable cause implicitly carries with it the limited authority to detain the occupants of the premises while a proper search is conducted." Id. at 705, 101 S. Ct. 2587. That is, the Court concluded that the detention of "occupants" even without individualized suspicion during the execution of a valid search warrant is reasonable under the Fourth Amendment. In particular, the Court justified the detention in that particular case by reference to the interests of law enforcement in (1) "preventing flight in the event that incriminating evidence is found"; (2) "minimizing the risk of harm to the officers"; and (3) facilitating "the orderly completion of the search." Id. at 702–03, 101 S. Ct. 2587. Moreover, the Court observed that once "[a] judicial officer has determined that police have probable cause to believe that someone in the home is committing a crime[,] . . . [t]he connection of an occupant to that home gives the police officer an easily identifiable and certain basis for determining that suspicion of criminal activity justifies a detention of that occupant." Id. at 703–04, 101 S. Ct. 2587.

Here, the Court agrees with the Government that the temporary detention of the Defendant was reasonable in light of the interests of law enforcement in this particular case with regard to the prevention of the Defendant's flight and minimizing the risk of harm to the officers. Therefore, this argument by the Defendant is denied.

Fourth, the Defendant asserts that the search warrant was not issued by a neutral and detached judge. However, he has offered no support for his assertion that United States Magistrate Judge E. Thomas Boyle, was not a neutral and detached judge. This basis for the motion is therefore denied.

Finally, the Defendant asserts that the FBI's method of entry was improper. The Court does not find that there was anything improper about the Government's execution of the search warrant in this case. Thus, this contention without merit.

For the foregoing reasons, it is hereby:

**ORDERED** that the Defendant's motion to suppress evidence is denied.

**SO ORDERED.**
Dated: Central Islip, New York
January 12, 2013

_____/s/ Arthur D. Spatt_____
ARTHUR D. SPATT
United States District Judge