FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 25 2023 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA

        v.

ROBERT LEE HOUSTON
----------------------------------------------------------X

ORDER
12-CR-62

On February 11, 2022, following a forensic mental health examination and a hearing pursuant to 18 U.S.C. §§ 4241 and 4247, the Honorable Denis R. Hurley found that Defendant Robert Lee Houston ("Houston") was presently suffering from a mental disease or defect that rendered him mentally incompetent to stand trial. ECF Nos. 197, 199. In accordance with the applicable statute, Houston was committed to the custody of the Attorney General to determine whether, in the foreseeable future, there was a substantial probability that he would attain the capacity to permit the proceedings to go forward. ECF No. 199; 18 U.S.C. § 4241(d).

On April 14, 2023, following a second forensic mental health examination, the Court held a second competency hearing. ECF Nos. 201-02. At that hearing, the Court heard oral testimony from treating forensic psychologist Dr. Marina Mukhin, Psy.D. ECF No. 202. The Court has also considered the written report prepared by Dr. Mukhin, which was dated March 3, 2023. ECF Nos. 201-02. Dr. Mukhin opined that Houston was unlikely to be restored to competence without the involuntary administration of psychiatric medication, which the Government has specifically declined to pursue. Id.

The Court agrees with the Government's assessment that, under the relevant standard, involuntary administration of psychiatric medication is not warranted in this case. See Sell v. United States, 539 U.S. 166, 180 (2003). The questions before this Court, therefore, are as follows: (1) whether Houston remains presently incompetent, and (2) if so, whether there is a

substantial probability that Houston will attain the capacity to proceed, without forced medication, within an additional reasonable period of time. 18 U.S.C. § 4241(d)(2).

As the Court orally held at the April 14, 2023 hearing, upon careful review of all available evidence, the Court hereby **FINDS** that Houston remains presently incompetent to proceed. The Court further **FINDS** that, absent the involuntary administration of psychiatric medication, there is not a substantial probability that an additional reasonable period of treatment will restore Houston to competence. Therefore, Houston is subject to the provisions of 18 U.S.C. § 4246. See 18 U.S.C. § 4241(d). All future motions and civil commitment proceedings pursuant to 18 U.S.C. § 4246 will go forward in the United States District Court for the Eastern District of North Carolina.

**AND IT SO ORDERED**

/s/ Joanna Seybert

HON. JOANNA SEYBERT

4/25/23